**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000772
22-JUN-2023
08:29 AM
Dkt. 63 SO**

NO. CAAP-19-0000772

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK
AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC.,
ALTERNATIVE LOAN TRUST 2004-28CB, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2004-28CB, Plaintiff-Appellee, v.
STEPHEN LAUDIG, Defendant-Appellant, and
ASSOCIATION OF APARTMENT OWNERS OF UNIVERSITY COURT,
Defendant-Appellee; JOHN DOES 1-20; JANE DOES 1-20;
DOE CORPORATIONS 1-20; DOE ENTITIES 1-20;
AND DOE GOVERNMENTAL UNITS 1-20,
Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC151001533)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Stephen Laudig (**Laudig**) appeals

from the Circuit Court of the First Circuit's (1) July 8, 2019

"Findings of Fact, Conclusions of Law and Order Granting

Plaintiff's Motion for Summary Judgment Against All Defendants

and for Interlocutory Decree of Foreclosure" (**Foreclosure**

**Order**), (2) July 8, 2019 Judgment, and (3) October 1, 2019 "Order Denying Defendant Stephen Laudig's Nonhearing Motion for Reconsideration of the [Foreclosure Order and Judgment]" (**Order Denying Reconsideration**).[1]

On appeal, Laudig contends the circuit court erred in granting Plaintiff-Appellee Bank of New York's[2] Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure, arguing that (1) Mhari Holtzclaw (**Holtzclaw**) was not a qualified witness, (2) Bank of New York failed to show delivery of the "Notice of Intent to Accelerate Indebtedness and Foreclose" (**Default Notice**), and (3) Bank of New York failed to show it possessed the note at the time the complaint was filed.[3]

Upon careful review of the record and briefs submitted by the parties, and having given due consideration to the issues

---

[1] The Honorable James C. McWhinnie presided.

[2] The Bank of New York's full name in this litigation is "Bank of New York Mellon FKA the Bank of New York as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2004-28CB, Mortgage Pass-Through Certificates, Series 2004-28CB."

[3] Laudig raises a fourth point of error, arguing that the circuit court erred by failing to consider the declaration of James M. Kelley. Based on our decision today, we decline to address this point.

We also note that, within his points of error, Laudig raises additional arguments that were not raised before the circuit court, which we also decline to address. See Cnty. of Hawaiʻi v. UNIDEV, LLC, 129 Hawaiʻi 378, 387, 301 P.3d 588, 597 (2013) ("It is axiomatic that where a party fails to raise an argument before the courts below, that argument may be deemed waived for purposes of appeal.").

raised and arguments advanced, we resolve Laudig's points of error as follows, and vacate and remand.

At the outset, we emphasize that "[i]n order to prove entitlement to foreclose, the foreclosing party must demonstrate that all conditions precedent to foreclose under the note and mortgage are satisfied and that all steps required by statute have been strictly complied with." Bank of Am., N.A. v. Reyes-Toledo, 139 Hawai'i 361, 367, 390 P.3d 1248, 1254 (2017). Thus, the foreclosing party must "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." Id. "A foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage." Id.

We review the granting of summary judgment de novo. U.S. Bank N.A. v. Mattos, 140 Hawai'i 26, 30, 398 P.3d 615, 619 (2017).

**(1)** Laudig first contends that Holtzclaw was not a qualified witness to introduce and authenticate records that loan servicer New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing (**Shellpoint**), received from prior loan servicers Bank of America, N.A. and Resurgent Mortgage Servicing (**Resurgent**) because she failed to establish personal knowledge with respect to the business records at issue. Laudig argues that the

Holtzclaw Declaration "is contradictory" as to whether the "prior servicer" is Resurgent, Bank of America, or both. Bank of New York counters that, because Shellpoint acquired Resurgent, "the records of Resurgent should be considered those of Shellpoint rather than those of a prior servicer."

Under the incorporation doctrine "[r]ecords received from another business and incorporated into the receiving business' records may in some circumstances be regarded as 'created' by the receiving business." Wells Fargo Bank, N.A. v. Behrendt, 142 Hawai'i 37, 45, 414 P.3d 89, 97 (2018) (citing Mattos, 140 Hawai'i at 32, 398 P.3d at 621). Thus, incorporated records are admissible under Hawai'i Rules of Evidence (**HRE**) Rule 803(b)(6) "when a custodian or qualified witness testifies that the documents were incorporated and kept in the normal course of business, that the incorporating business typically relies upon the accuracy of the contents of the documents, and the circumstances otherwise indicate the trustworthiness of the document." Id. (citing Mattos, 140 Hawai'i at 32, 398 P.3d at 621; State v. Fitzwater, 122 Hawai'i 354, 367-68, 227 P.3d 520, 533-34 (2010)).

Further, "evidence that a business has incorporated and relied on a record created by another organization speaks directly to that record's reliability. When accompanied by

4

testimony about other circumstances that also indicate the record's trustworthiness, such evidence is an acceptable substitute for testimony concerning a record's actual creation." U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Verhagen, 149 Hawai'i 315, 326, 489 P.3d 419, 430 (2021) (emphasis omitted).

As to Resurgent's records, although Holtzclaw's Declaration asserts that Resurgent's records became part of Shellpoint's records due to the acquisition, there was no testimony that Shellpoint kept Resurgent's documents in the normal course of business, relied on them, or otherwise described their trustworthiness. See generally, Behrendt, 142 Hawai'i at 45, 414 P.3d at 97. Therefore, Bank of New York failed to establish the admissibility of these records under HRE Rule 803(b)(6).

As to Bank of America's records, although Holtzclaw's declaration describing their incorporation may have otherwise satisfied the factors of the incorporation doctrine under Behrendt and Verhagen, Holtzclaw's declaration appears to incorrectly state that Bank of America's records were incorporated by Shellpoint rather than by Resurgent, despite indicating that Resurgent became the servicer prior to Shellpoint acquiring Resurgent. Cf. Wilmington Sav. Fund Soc'y,

5

FSB v. Akehi, 144 Hawaiʻi 430, 443 P.3d 122, No. CAAP-18-0000477, 2019 WL 2559486 at *7 (App. June 21, 2019) (SDO) ("In order for Pope to establish the admissibility of a document attached to her declaration, Pope <u>must, at a minimum, accurately describe</u> the contents of the document, <u>particularly with the respect to which entity</u> is responsible for having provided the requisite notice . . .") (emphases added).  Holtzclaw's declaration must be accurate in its factual description of which entity actually incorporated Bank of America's documents to establish the admissibility of these records under HRE Rule 803(b)(6).

**(2)** Laudig next contends that Bank of New York failed to show that a notice of default was given to him.

To establish that notice was given to Laudig, Bank of New York provided (1) a copy of two Default Notices addressed to Laudig and dated July 11, 2013, and (2) Holtzclaw's declaration stating that "[w]ritten notice ('Notice') was given to Borrower of the default and of mortgagee's intention to accelerate the loan if the default was not cured."

The Default Notices provided appear to be records from Resurgent as they were on Resurgent letterhead, required payment to be sent to Resurgent, and were signed by a Resurgent representative.  But, as discussed above, Bank of New York failed to establish the admissibility of Resurgent's records under HRE Rule 803(b)(6).

**(3)** Finally, Laudig contends that Bank of New York failed to prove it possessed the note when the complaint was filed.

When a note is indorsed in blank, it becomes payable to the bearer and may be negotiated by transfer or possession alone. See Reyes-Toledo, 139 Hawai'i at 370, 390 P.3d at 1257. Thus, when a lender forecloses on a mortgage secured by a note indorsed in blank, the lender must establish, *inter alia*, that it held the original indorsed note at the time it filed the complaint. 139 Hawai'i at 368, 390 P.3d at 1255.

To prove that it was in possession of the note at the time the complaint was filed, Bank of New York provided the following: (1) the note indorsed in blank; (2) the February 25, 2015 **Bailee Letter**; (3) Holtzclaw's declaration; and (4) Gina Santellan's **(Santellan)** declaration.

The Bailee Letter, establishing that the note was received by Bank of New York's representative, was dated February 25, 2015. Santellan's declaration, stating that the Note "is currently in our custody as custodian for Plaintiff and Plaintiff's counsel[,]" was dated December 31, 2018. With the Bailee Letter and Santellan's declaration, Bank of New York established that it received the note on February 25, 2015 and was still in possession of the note on December 31, 2018, which

would show that it possessed the note when the complaint was filed on August 4, 2015.

The burden then shifted to Laudig to set "forth specific facts showing that there is a genuine issue for trial." Kondaur Cap. Corp. v. Matsuyoshi, 136 Hawaiʻi 227, 240-41, 361 P.3d 454, 467-68 (2015) (cleaned up). Laudig, however, presented no evidence showing that there was a genuine issue as to whether Bank of New York continuously held the note between February 25, 2015 and December 31, 2018.

In conclusion, because Bank of New York failed to establish that Resurgent's and Bank of America's records were admissible, the circuit court erred in granting Bank of New York's motion for summary judgment. We vacate the circuit court's Foreclosure Order, Judgment, and Order Denying Reconsideration, and remand this case for further proceedings consistent with this order.

DATED: Honolulu, Hawaiʻi, June 22, 2023.

On the briefs:

Keith M. Kiuchi,
for Defendant-Appellant.

Charles R. Prather,
Peter T. Stone,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge